UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MOHAMMED ZEYAD
ALSWAF,

      Petitioner,

v.                                                    Case No.   2:26-cv-1960-JES-KRH

WARDEN, FLORIDA SOFT
SIDE SOUTH DETENTION
CENTER, et al.,

      Respondents.

_____/

## OPINION AND ORDER

Before the Court are Petitioner Mohammed Zeyad Alswaf's petition for writ of habeas corpus (Doc. 1), the government's response to the petition (Doc. 5), and Alswaf's reply (Doc. 10). For the reasons below, the Court denies the petition.

## I.   Background

Alswaf  is a citizen of Iraq who entered the United States on December 26, 2025 on a nonimmigrant student F-1 visa.  (Doc. 5 at 2). Because he did not attend school, his status was terminated on January 27, 2026. (*Id.*) On April 5, 2026, Alswaf was arrested for aggravated assault, grand theft, and domestic violence. (*Id.*) He was taken into immigration custody the following day. (*Id.*)

On April 27, 2026, Alswaf received a bond hearing before an immigration judge. (Doc. 5-2 at 1–2). At the hearing, the government argued that Alswaf posed a danger to the community and the immigration court found the same. (*Id.* at 2). The immigration court referenced Petitioner's arrest report from April 4, 2026 and noted the following:

> The arrest report indicates that on April 4, 2026, Respondent and the alleged victim engaged in a verbal argument, and Respondent punched the alleged victim in her head and elbowed her near her hip bone. The arrest report further indicates that Respondent pulled out a knife and held the blade up to the alleged victim's throat, making verbal threats to her. The alleged victim then attempted to call 911 and Respondent proceeded to take her cell phone away from her, depriving her of the ability to make the call. Respondent then fled the scene, and police arrested him the following day. Additionally, the alleged victim confirmed in the Declination of Prosecution Affidavit that Respondent engaged in a heated altercation with her and pushed her.

(Doc. 5-2 at 3 (citations to the record omitted)). While recognizing that the charges against Alswaf had been dismissed, the immigration court found the circumstances of his arrest to be severe, noting that the victim confirmed in her Declination of Prosecution Affidavit that Respondent had engaged in a heated altercation with her and pushed her. (*Id.*) Likewise, the immigration court pointed to Petitioner's limited time in the United States, the fact that he had "little to no family ties in the United States," and Alswaf's lack of a fixed address as evidence that he posed a flight risk if released on bond. (*Id.* at 3–4).

Alswaf now argues that "substantial new facts and evidence" were not

considered by the immigration judge. (Doc. 10 at 1). Specifically, he notes that the criminal case that led to his immigration custody was not prosecuted, that he faces a serious risk of harm if returned to Iraq, and he is suffering significant physical and emotional hardship while in immigration custody. (Doc. 1 at 6–8). He seeks either release from immigration detention or a new bond hearing "at which all relevant evidence may be fully considered." (Doc. 1 at 8).[1]

## II.    Discussion

The Fifth Amendment guarantees that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

And while "the Fifth Amendment entitles aliens to due process of law in deportation proceedings," *Reno v. Flores*, 507 U.S. 292, 306 (1993), Alswaf does not raise a due process argument. He does not allege that he was *prevented* from presenting evidence to show that he is not a flight risk or danger to society

---

[1] In his reply brief, Petitioner offers additional evidence of danger he faces if returned to Iraq.    (Doc. 10).    In addition to being irrelevant to whether he is a danger or flight risk if released on bond, the Court will not consider issues and evidence raised for the first time in a reply brief. *Sapuppo v. Allstate Floridian Ins. Co.*, 79 F.d 678, 681 (11th Cir. 2014).

or that the government offered insufficient evidence to support his continued detention on those grounds. Moreover, his assertion that the Court did not consider that the alleged victim withdrew her claim is incorrect. In short, Alswaf disagrees with the immigration court's opinion. But this Court does not have jurisdiction to review an immigration judge's discretionary bond decisions. 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). Petitioner's remedy for any alleged error by the immigration judge in the bond hearing is to appeal that decision to the Board of Immigration Appeals.[2]

Accordingly, it is hereby **ORDERED** that Alswaf's petition for writ of habeas corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE AND ORDERED** in Fort Myers, Florida on July 21, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[2] Alswaf has appealed the immigration court's denial of bond, and the appeal remains pending. (Doc. 1 at 8).